# EXHIBIT 1

Exhibit 1

## Case Information

CC-21-00905-B | CRYSTAL JONES vs.THE KROGER CO. D/B/A KROGER

| | | |
|---|---|---|
| Case Number<br>CC-21-00905-B | Court<br>County Court at Law No. 2 | Judicial Officer<br>BELLAN, MELISSA |
| File Date<br>03/10/2021 | Case Type<br>DAMAGES (NON COLLISION) | Case Status<br>OPEN |

## Party

**PLAINTIFF**
JONES, CRYSTAL

Address
1309-A WEST ABRAM STREET
ARLINGTON TX 76013

Active Attorneys ▼
Lead Attorney
BARLOW, MELINDA HOFFMAN
Retained

**DEFENDANT**
THE KROGER CO. D/B/A KROGER

Address
SERVE ITS REGISTERED AGENT: CORPORATION SERVICE COMPANY
D/B/A CSC-LAWYERS, INC
211 E 7TH STREET, SUITE 620
AUSTIN TX 78701

Active Attorneys ▼
 Pro Se

Lead Attorney
BRISCOE, B KYLE
Retained

## Events and Hearings

- 03/10/2021 NEW CASE FILED (OCA)

- 03/10/2021 ORIGINAL PETITION ▼

  PLAINTIFFS ORIGINAL PETITION

  Comment
  PLAINTIFFS ORIGINAL PETITION

03/11/2021 ISSUE CITATION ▾

ISSUE CITATION

Comment
TRACKING # 9414 8149 0238 8738 2435 74

03/11/2021 SERVICE - CERTIFIED / REGISTERED MAIL

03/11/2021 CIVIL CASE INFORMATION SHEET ▾

CIVIL CASSE INFORMATION SHEET

03/11/2021 CITATION (SERVICE) ▾

Unserved

Anticipated Server
CERTIFIED MAIL

Anticipated Method

03/25/2021 ORIGINAL ANSWER - GENERAL DENIAL ▾

Answer. Orig (03-25-21).pdf

## Financial

JONES, CRYSTAL
| | | | |
|---|---|---|---:|
| Total Financial Assessment | | | $351.00 |
| Total Payments and Credits | | | $351.00 |
| 3/11/2021 | Transaction Assessment | | $351.00 |
| 3/11/2021 | CREDIT CARD - TEXFILE (CC) | Receipt # CV-2021-02296   JONES, CRYSTAL | ($351.00) |

## Documents

PLAINTIFFS ORIGINAL PETITION

ISSUE CITATION

CIVIL CASSE INFORMATION SHEET

Answer. Orig (03-25-21).pdf

# EXHIBIT 2

**Exhibit 2**

# THE STATE OF TEXAS
# CITATION

CAUSE NO. CC-21-00905-B
COUNTY COURT AT LAW NO. 2
Dallas County, Texas

|   |   |
|---|---|
| **CERTIFIED MAIL** | |
| **CITATION** | |
| **PLAINTIFF'S ORIGINAL PETITION** | |
| **CC-21-00905-B** | |

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 2
Dallas County, Texas

CRYSTAL JONES, *Plaintiff(s)*

VS.

THE KROGER CO. D/B/A KROGER,
*Defendant(s)*

**TO:**

THE KROGER CO. D/B/A KROGER
SERVE ITS REGISTERED AGENT CORPORATION SERVICE COMPANY D/B/A CSC-LAWYERS, INC.
211 E 7TH STREET SUITE 620
AUSTIN TX 78701

"You have been sued. You may employ an attorney. If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFF'S ORIGINAL PETITION, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org." Your answer should be addressed to the clerk of County Court at Law No. 2 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas 75202.

**SERVE:**
THE KROGER CO. D/B/A KROGER
SERVE ITS REGISTERED AGENT
CORPORATION SERVICE COMPANY
D/B/A CSC-LAWYERS, INC.
211 E 7TH STREET SUITE 620
AUSTIN TX 78701

ISSUED THIS
11TH DAY OF MARCH, 2021

JOHN F. WARREN, COUNTY CLERK
BY: GUISLA HERNANDEZ, DEPUTY

Attorney for Plaintiff
MELINDA HOFFMAN BARLOW
HARRIS COOK LLP
1309-A WEST ABRAM
ARLINGTON TX 76013
817-275-8765

CRYSTAL JONES
*Plaintiff(s)*

VS.

THE KROGER CO. D/B/A KROGER
*Defendant(s)*

filed in said Court on the 10th day of March, 2021, a copy of which accompanies this citation.

**WITNESS: JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas. GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 11th day of March, 2021 A.D.

JOHN F. WARREN, Dallas County Clerk

By *Guisla Hernandez*, Deputy
Guisla Hernandez



Case 3:21-cv-00711-L   Document 1-2   Filed 03/26/21   Page 6 of 19   PageID 13

FILED
3/10/2021 11:19 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

CAUSE NO. CC-21-00905-B

| | | |
|---|---|---|
| CRYSTAL JONES | § | IN THE COUNTY COURT |
| Plaintiff, | § | |
| | § | |
| VS. | § | AT LAW NO. _____ |
| | § | |
| THE KROGER CO. d/b/a KROGER | § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff, CRYSTAL JONES, file this Original Petition complaining of Defendant THE KROGER CO. d/b/a KROGER and for same would respectfully show the Court the following:

## I.
## PARTIES

1. Plaintiff CRYSTAL JONES is an individual residing in Dallas, Dallas County, Texas. The last three digits of Plaintiff CRYSTAL JONES's social security number are 627. The last three digits of Plaintiff CRYSTAL JONES's driver's license number are 074.

2. Defendant THE KROGER CO. d/b/a KROGER is a foreign for-profit corporation duly authorized to conduct business in the state of Texas. Said Defendant may be served with civil process by serving its registered agent for service, Corporation Service Company d/b/a CSC-Lawyers, Inc., 211 E. 7th Street, Suite 620, Austin, Texas 78701 or wherever it may be found.

## II.
## JURISDICTION AND VENUE

3. The amount in controversy herein, exclusive of costs and interests, exceeds the minimal jurisdictional limits of this Court. Plaintiff seeks only monetary relief of $250,000.00 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs.

4. Venue in Dallas County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county. Pursuant to Rule 190.3 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff alleges that this case shall be governed under a Level 1 discovery control plan.

## III.

## FACTUAL BACKGROUND AND
## CLAIMS FOR NEGLIGENCE AND PREMISES LIABILITY

5. On the evening of March 11, 2019, Plaintiff CRYSTAL JONES was a business invitee of the Kroger Store located at 3939 Frankford Road, Dallas, Dallas County, Texas 75287 which is operated by and in the sole control of Defendant. As Plaintiff shopped around the store with her boyfriend and son, she walked down one of the aisles where she suddenly and without warning slipped on a melted liquid left on the floor, falling to the ground and injuring her right ankle. After her fall, Plaintiff was examined by emergency medical services

and she was transported to Texas Health Presbyterian Hospital in Plano by ambulance.

6. Plaintiff CRYSTAL JONES was, at all times, a consumer and traveled to the Defendant's place of business for Defendant's economic benefit, and as such was considered an invitee. At the time of Plaintiff's fall, the Defendant was in possession of the premises. The condition of the premises posed an unreasonable risk of harm. Defendant knew or reasonably should have known of the danger; and Defendant breached its duty of ordinary care by: (1) failing to adequately warn Plaintiff CRYSTAL JONES of the condition; or (2) failing to make the condition reasonably safe. Defendant's breach of these duties proximately caused Plaintiff's injuries, the sums for which she now sues.

7. Further, Defendant THE KROGER CO. D/B/A KROGER, its agents, servants and/or employees, also failed to use ordinary care in one or more of the following particulars:

    a. Failure to maintain a safe and hazard-free premises for invitees;
    b. Failure to properly inspect and maintain the premises to discover the dangerous condition;
    c. Failure to inspect the premises and protect invitees from hazardous or dangerous conditions;
    d. Failure to warn Plaintiff CRYSTAL JONES of the known dangerous condition of the area where her injuries occurred;
    e. Failure to give adequate and comprehensible warnings to Plaintiff CRYSTAL JONES of the dangerous condition of the area where her injuries occurred;
    f. Failure to take action to prevent accident and injury to invitees; and
    g. Failure to hire, supervise and train employees to take immediate actions to eliminate any harmful conditions and to prevent accident and injury to invitees.

## IV.
## DAMAGES FOR PLAINTIFF CRYSTAL JONES

8.  As a result of Defendant's negligence, Plaintiff CRYSTAL JONES sustained serious injuries to her right ankle, neck and back as well as suffered from headaches. Plaintiff has incurred significant medical expenses for doctor's visits, radiology imaging studies and other medical care to evaluate and treat her symptoms. Further, Plaintiff was unable to perform her normal daily activities while she recovered from her injuries. Plaintiff CRYSTAL JONES has incurred medical expenses and other damages that are well in excess of the minimal jurisdictional limits of this Court.

9.  In summary, as a result of the injuries caused by Defendant's negligent actions, Plaintiff CRYSTAL JONES is entitled to compensation for the following categories of damages:

   a. Past and future physical pain and suffering;
   b. Past and future mental anguish;
   c. Past and future physical impairment;
   d. Past and future medical expenses; and
   e. Past and future physical disfigurement.

## V.
## JURY DEMAND

10.  Plaintiff makes a demand for a jury.

## VI.
## PRAYER

*For the reasons stated above,* Plaintiff CRYSTAL JONES respectfully requests that Defendant be cited to appear and answer and, upon final trial, that judgment be entered awarding Plaintiff the following:

a. Past and future actual damages as set forth herein;
b. Costs of court;
c. Pre and post-judgment interest as allowed by law; and
d. Such other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

HARRIS ✯ COOK, L.L.P.
1309-A West Abram
Arlington, Texas 76013
817/275-8765 – Telephone
817/460-8060 – Facsimile

*/s/ Melinda H. Barlow*
MELINDA H. BARLOW
State Bar No. 00783601
DAVID L. COOK
State Bar No. 00798116
EserviceArl@harriscooklaw.com
ATTORNEYS FOR PLAINTIFF

# EXHIBIT 3

Exhibit 3

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* CC-21-00905-B    COURT *(FOR CLERK USE ONLY):* _____

STYLED Crystal Jones v. The Kroger Co. d/b/a Kroger
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

Name: Melinda
Email: melinda@harriscooklaw.com
Address: 1309-A West Abram
Telephone: 817-275-8765
City/State/Zip: Arlington, TX 76013
Fax: 817-460-8080
Signature: Melinda Barlow (Digitally signed)
State Bar No: 00783601

## Names of parties in case:

Plaintiff(s)/Petitioner(s): Crystal Jones

Defendant(s)/Respondent(s): The Kroger Co. d/b/a Kroger

[Attach additional page as necessary to list all parties]

## Person or entity completing sheet is:

☑ Attorney for Plaintiff/Petitioner
☐ Pro Se Plaintiff/Petitioner
☐ Title IV-D Agency
☐ Other: _____

Additional Parties in Child Support Case:
Custodial Parent: _____
Non-Custodial Parent: _____
Presumed Father: _____

## 2. Indicate case type, or identify the most important issue in the case (select only 1):

### Civil

**Contract**
Debt/Contract
☐ Consumer/DTPA
☐ Debt/Contract
☐ Fraud/Misrepresentation
☐ Other Debt/Contract:

Foreclosure
☐ Home Equity—Expedited
☐ Other Foreclosure
☐ Franchise
☐ Insurance
☐ Landlord/Tenant
☐ Non-Competition
☐ Partnership
☐ Other Contract:

**Injury or Damage**
☐ Assault/Battery
☐ Construction
☐ Defamation
Malpractice
  ☐ Accounting
  ☐ Legal
  ☐ Medical
  ☐ Other Professional Liability:
☐ Motor Vehicle Accident
☑ Premises
Product Liability
  ☐ Asbestos/Silica
  ☐ Other Product Liability List Product:
☐ Other Injury or Damage:

**Real Property**
☐ Eminent Domain/Condemnation
☐ Partition
☐ Quiet Title
☐ Trespass to Try Title
☐ Other Property:

**Related to Criminal Matters**
☐ Expunction
☐ Judgment Nisi
☐ Non-Disclosure
☐ Seizure/Forfeiture
☐ Writ of Habeas Corpus—Pre-indictment
☐ Other:

**Employment**
☐ Discrimination
☐ Retaliation
☐ Termination
☐ Workers' Compensation
☐ Other Employment:

**Other Civil**
☐ Administrative Appeal
☐ Antitrust/Unfair Competition
☐ Code Violations
☐ Foreign Judgment
☐ Intellectual Property
☐ Lawyer Discipline
☐ Perpetuate Testimony
☐ Securities/Stock
☐ Tortious Interference
☐ Other:

### Family Law

**Marriage Relationship**
☐ Annulment
☐ Declare Marriage Void
Divorce
  ☐ With Children
  ☐ No Children

**Other Family Law**
☐ Enforce Foreign Judgment
☐ Habeas Corpus
☐ Name Change
☐ Protective Order
☐ Removal of Disabilities of Minority
☐ Other:

**Post-judgment Actions (non-Title IV-D)**
☐ Enforcement
☐ Modification—Custody
☐ Modification—Other

**Title IV-D**
☐ Enforcement/Modification
☐ Paternity
☐ Reciprocals (UIFSA)
☐ Support Order

**Parent-Child Relationship**
☐ Adoption/Adoption with Termination
☐ Child Protection
☐ Child Support
☐ Custody or Visitation
☐ Gestational Parenting
☐ Grandparent Access
☐ Parentage/Paternity
☐ Termination of Parental Rights
☐ Other Parent-Child:

### Tax
☐ Tax Appraisal
☐ Tax Delinquency
☐ Other Tax

### Probate & Mental Health
Probate/Wills/Intestate Administration
☐ Dependent Administration
☐ Independent Administration
☐ Other Estate Proceedings

☐ Guardianship—Adult
☐ Guardianship—Minor
☐ Mental Health
☐ Other: _____

## 3. Indicate procedure or remedy, if applicable (may select more than 1):

☐ Appeal from Municipal or Justice Court
☐ Arbitration-related
☐ Attachment
☐ Bill of Review
☐ Certiorari
☐ Class Action
☐ Declaratory Judgment
☐ Garnishment
☐ Interpleader
☐ License
☐ Mandamus
☐ Post-judgment
☐ Prejudgment Remedy
☐ Protective Order
☐ Receiver
☐ Sequestration
☐ Temporary Restraining Order/Injunction
☐ Turnover

## 4. Indicate damages sought (do not select if it is a family law case):

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100,000 but not more than $200,000
☑ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

Rev 2/13

# EXHIBIT 4

**Exhibit 4**

Case 3:21-cv-00711-L   Document 1-2   Filed 03/26/21   Page 14 of 19   PageID 21

FILED
3/25/2021 2:20 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

CAUSE NO. CC-21-00905-B

| | | |
|---|---|---|
| CRYSTAL JONES, § | | IN THE COUNTY COURT |
| Plaintiff, § | | |
| § | | |
| vs. § | | AT LAW NO. 2 |
| § | | |
| THE KROGER CO. d/b/a KROGER § | | |
| Defendant. § | | DALLAS COUNTY, TEXAS |

_____

**DEFENDANT'S ORIGINAL ANSWER AND VERIFIED DENIAL**

Defendant The Kroger Co. ("Kroger" or "Defendant"), improperly identified as The Kroger Co. d/b/a Kroger, files this Original Answer and Verified Denial and in support thereof would respectfully show the Court as follows:

**I.
VERIFIED DENIAL**

1. By way of verified denial pursuant to Texas Rule of Civil Procedure 93, Defendant denies that Plaintiff is entitled to recover from Defendant in the capacity in which it has been sued. Specifically, Defendant denies that "The Kroger Co. d/b/a Kroger" owned or operated the store at any relevant time. Consequently, to the extent Plaintiff has any right or potential right of recovery – which Defendant contests – **Kroger Texas L.P.** is the only proper Kroger entity to this action. *See, e.g., Ray Malooly Trust v. Juhl*, 186 S.W.3d 568, 571 (Tex. 2006).

**II.
GENERAL DENIAL**

2. Defendant denies each and every material allegation contained in Plaintiff's Original Petition, demands strict proof thereof, and to the extent that such matters are questions of fact, says Plaintiff should prove such facts by a preponderance of the evidence to a jury, if she can so do.

## III.
## DEFENSES

3. Defendant specifically denies Plaintiff's allegations that it and/or its employees were negligent, and Defendant denies that its alleged acts or omissions proximately caused Plaintiff's damages, if any.

4. Defendant claims it had neither actual nor constructive knowledge of the condition about which Plaintiff complains, and further asserts that, in any event, the alleged hazard was not "unreasonably dangerous."

5. Defendant claims that the alleged premises condition of which Plaintiff complains was already appreciated by Plaintiff, was open and obvious, was not concealed, and/or was a known risk and, therefore, Defendant denies that it owed any duty to warn Plaintiff of the alleged premises condition or protect Plaintiff from same. *See Austin v. Kroger Texas L.P.*, 465 S.W.3d 193, 203 (Tex. 2015).

6. Plaintiff's damages or injuries, if any, were caused by the acts of third persons not under the control of Defendant. Such acts or omissions of said third persons were the sole, producing, proximate, intervening, or supervening cause of Plaintiff's damages or injuries, if any.

7. Plaintiff failed to use that degree of care and caution that would has been used by a reasonable person under the same or similar circumstances, thereby proximately causing Plaintiff's injuries and damages, if any. Such acts or omissions of Plaintiff were the sole proximate cause of Plaintiff's damages or injuries, if any.

8. In the alternative, the accident complained of was an unavoidable accident, as that term is defined under Texas law.

9. Defendant respectfully requests that the factfinder allocate responsibility, if any, among all parties, settling parties, and responsible third parties, in accordance with Chapters 32 and 33 of the Texas Civil Practice and Remedies Code.

10. In the unlikely event an adverse judgment is rendered against Defendant in this matter, Defendant respectfully pray for contribution, indemnity and/or all available credits as provided for in the Texas Civil Practice and Remedies Code and under Texas law.

11. The damages about which Plaintiff complains, if any, were the result of prior or pre-existing or subsequent injuries, accidents or conditions, and said prior or pre-existing or subsequent injuries, accidents or conditions were the sole and/or a contributing cause of Plaintiff's damages alleged against Defendant.

12. Plaintiff breached her duty to mitigate damages by failing to exercise reasonable care and diligence to avoid loss and minimize the consequences of damages.

13. Plaintiff is malingering and/or exaggerating the nature and severity of her injuries in order to continue treatment, and accordingly, Defendant contends said treatment is not medically necessary or reasonable.

14. Any claims for medical or health care expenses incurred are limited to the amount actually paid or incurred by or on behalf of Plaintiff, pursuant to Texas Civil Practice and Remedies Code §41.0105.

15. Pursuant to Texas Civil Practice & Remedies Code § 18.091, to the extent that Plaintiff is seeking a recovery for loss of earnings, lost wages, loss of earning capacity and/or loss of contributions of pecuniary value, evidence of such alleged losses must be presented by Plaintiff

in the form of a net loss after reduction for income tax payments, or unpaid tax liability to any federal income tax law.

## IV.
## REQUESTS FOR COURT REPORTER

16. Defendant respectfully demands a court reporter be present at all proceedings before the Court.

## V.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Defendant respectfully prays that Plaintiff take nothing by this cause of action, that Defendant be permitted to recover the costs expended on its behalf, and for such other and further relief to which Defendant may show itself justly entitled, in law or in equity.

Respectfully submitted,

*/s/ B. Kyle Briscoe*
**B. Kyle Briscoe**
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Seth R. Lightfoot**
State Bar No. 24093625
slightfoot@peavlerbriscoe.com
**PEAVLER|BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
(214) 999-0550 (telephone)
(214) 999-0551 (facsimile)

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to, and in accordance with, the Texas Rules of Civil Procedure on March 25, 2021.

*/s/ B. Kyle Briscoe*
**B. Kyle Briscoe**

## VERIFICATION

| | |
|---|---|
| **STATE OF TEXAS** | § |
| | § |
| **COUNTY OF TARRANT** | § |

Before me, the undersigned authority, did personally appear Seth R. Lightfoot, who upon his oath deposes and says that he is one of the attorneys of record for Defendant, he has never been convicted of a disqualifying crime, he is over the age of 21, and he is competent to make this verification. Accordingly, Mr. Lightfoot verifies that the material facts alleged in section "I. Verified Denial" of the foregoing pleading are within his personal knowledge and true and correct.

_____
Seth R. Lightfoot

Subscribed and sworn to before me on this 25th day of March 2021.

_____
NOTARY PUBLIC in and for the State of Texas

ELIZABETH CONTRERAS
Notary Public, State of Texas
Comm. Expires 02-06-2024
Notary ID 129335398